FILED
APR 28 2016
CLERK, U.S. DISTRICT COURT
NORFOLK VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CRIMINAL NO. 2:16cr65 |
| v. | ) |
| | ) 18 U.S.C. § 371 |
| STEVEN BAZEMORE, | ) Conspiracy to Commit Securities Fraud |
| | ) |
| Defendant. | ) 18 U.S.C. §§ 492 and 981(a)(1)(C) |
| | ) 28 U.S.C. § 2461 |
| | ) Forfeiture |

## CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

From in or about January 2010 through in or about September 2013, in the Eastern District of Virginia and elsewhere, STEVEN BAZEMORE, the defendant, conspired with others known and unknown to the United States to commit an offense against the United States: making, uttering and possessing counterfeit and forged securities of a state, with the intent to deceive another person, organization, or government, in violation of 18 U.S.C. § 513(a). The conspiracy, and the execution thereof, were in substance as follows:

1.  At all material times, STEVEN BAZEMORE, the defendant, was employed by the City of Norfolk as an administrative clerk. STEVEN BAZEMORE worked at a Virginia Department of Motor Vehicles Select (DMV Select) facility. DMV Select facilities are staffed by local government employees, rather than DMV employees, and they provide a variety of motor vehicle related services. As a DMV Select clerk, STEVEN BAZEMORE assisted customers by conducting a variety of DMV transactions, including: issuing Virginia motor vehicle titles, processing title applications, and processing vehicle registrations.

2. Co-conspirator 1 ("CC1") owned and controlled a company located in Chesapeake, Virginia, that was engaged in buying and selling used motor vehicles. On many occasions, prior to selling a vehicle, CC1 or another co-conspirator altered or re-set the odometer of the vehicle to reflect a false, lower odometer reading and obtained a Virginia motor vehicle title reflecting the false, lower odometer reading. Multiple co-conspirators assisted CC1 with obtaining vehicle titles and selling the vehicles.

3. The object of the conspiracy devised by CC1 and other co-conspirators, and agreed to by defendant, STEVEN BAZEMORE, was to attain securities, Virginia motor vehicle titles, with materially false information, including inaccurate odometer readings. CC1 and his co-conspirators used the counterfeit and forged securities to deceive the vehicle's subsequent purchasers, including ultimate consumers, to pay more for the vehicles than they would have paid if they had known the vehicles' actual mileage. They also used the counterfeit and forged securities to deceive the Commonwealth of Virginia. In furtherance of the conspiracy, defendant STEVEN BAZEMORE knowingly agreed to process fraudulent title applications for CC1 and other co-conspirators. STEVEN BAZEMORE processed title applications that contained obviously false odometer certifications and frequently were missing signatures or other required information. In many instances, the false odometer reading on the title presented by CC1 or his co-conspirators was lower than a previous odometer reading on the same title or a prior odometer reading in the DMV computer system. STEVEN BAZEMORE entered the title information, including the false odometer reading supplied by CC1 or another co-conspirator, into the DMV computer system, causing the system to generate a new title with a false, lower odometer reading. At times, STEVEN BAZEMORE would return the fraudulent title, title application

and/or other documents back to CC1 and other co-conspirators, in violation of DMV policy. As a result, those documents were not retained by DMV, making the fraud more difficult to detect.

4. In exchange for processing the fraudulent title applications, CC1 and other co-conspirators frequently gave defendant cash.

5. The defendant processed at least 76 title applications for his co-conspirators containing false odometer readings.

6. STEVEN BAZEMORE and his co-conspirators committed the following overt acts in furtherance of the conspiracy:

    a. On or about July 24, 2012, at the DMV Select facility in Norfolk, Virginia, CC1 presented to defendant STEVEN BAZEMORE an Application for Certificate of Title and Registration for a 2003 Chevrolet S10 pickup with the Vehicle Identification Number IGCCS14H538285314 (Vehicle 1). The application—filled out and signed by CC1—listed the odometer reading as 84,603 miles. CC1 presented a Georgia title with the application, listing the odometer reading as 243,000 miles.

    b. STEVEN BAZEMORE knowingly entered the false lower odometer reading into the DMV computer system, resulting in the Commonwealth of Virginia issuing CC1's company a new Virginia motor vehicle title for Vehicle 1 with a false odometer reading of 84,603 miles, when, in fact, the vehicle's odometer had at least 243,000 miles.

    c. On or about February 14, 2013, at the DMV Select facility in Norfolk, Virginia, a co-conspirator requested a new title for a 2003 Honda Acura with the Vehicle Identification Number 9UUA56823A086551 (Vehicle 2). The prior Virginia title, issued to CC1's company on February 1, 2013, showed the odometer reading as 211,000 miles.

d.  STEVEN BAZEMORE knowingly entered a false lower odometer reading into the DMV computer system, causing the Commonwealth of Virginia to issue CC1's company a new Virginia motor vehicle title for Vehicle 2 with a false odometer reading of 107,003 miles.

(In violation of Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATION

1.  The defendant, if convicted of any of the violation alleged in this Criminal Information, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

    a.  Any property, real or personal, which constitutes or is derived from proceeds traceable to the violation; and

    b.  Any counterfeits of any coins or obligations or other securities, or any articles, devices, and other things made, possessed, or used in the violation, or any material or apparatus used or fitted or intended to be used in the making of such counterfeits, articles, devices or things.

2.  If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

(In accordance with Title 18, United States Code, Sections 492 & 981(a)(1)(C); Title 28, United States Code, 2461).

Dana J. Boente
United States Attorney

By: ___/s/ Alan M. Salsbury/___
(for) John W. Burke
Jacqueline M. Blaesi-Freed
Trial Attorneys
USDOJ – Consumer Protection Branch
450 Fifth Street NW, Suite 6400 South
Washington, DC 20001
Tel:   (202) 353-2001 (Burke)
       (202) 353-2809 (Blaesi-Freed)
Email: Josh.Burke@usdoj.gov
       Jacqueline.M.Blaesi-Freed@usdoj.gov


By: ___/s/ Alan M. Salsbury/___
Alan M. Salsbury
Assistant United States Attorney
World Trade Center
101 West Main Street, Suite 8000
Norfolk, VA 23510
Tel: (757) 441-6331
Email: Alan.Salsbury@usdoj.gov