IN THE UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF VIRGINIA
NORFOLK DIVISION


UNITED STATES OF AMERICA

       V.

STEVEN BAZEMORE,

          Defendant.

)
)
)
)
)
)

CRIMINAL NO. 2:16cr65

## DEFENDANT'S POSITION PAPER
## WITH REGARD TO SENTENCING FACTORS


The Defendant, Steven G. Bazemore ("Defendant"), by and through his undersigned

counsel, Carteia V. Basnight., states that he has received and reviewed the Presentence Report

("PSR") prepared in this case and that he has no objections to the Report that affect the

calculation of the Sentencing Guidelines. Defendant hereby respectfully moves for a downward

variance from the United States Sentencing Guidelines ("Guidelines" or "USSG").  The request

for a variance is based on the factors set forth in 18 U.S.C. § 3553(a):

### A.  A VARIANCE IS WARRANTED UNDER 18 U.S.C. § 3553

It is well established that Congress has required federal courts to impose the least amount of

imprisonment necessary to accomplish the purposes of sentencing as set forth in § 3553(a) of

Title 18, United States Code. Those factors include (a) the nature and circumstances of the

offense and the  history and characteristics of the defendant; (b) the kinds of sentences available;

(c) the advisory guideline range; (d) the need to avoid unwarranted sentencing disparities; (e) the

need for restitution; and (f) the need for the sentence to reflect the following: the seriousness of

the offense, promotion of respect for the law and just punishment for the offense, provision of

adequate deterrence, protection of the public from future crimes and providing the defendant

with needed educational or vocational training, medical care, or other correctional treatment. See

18 U.S.C. § 3553(a).

1

A review of the sentencing factors which the court must consider pursuant suggests that the defendant should not be sentenced to incarceration in federal prison for 24-30 months as recommended by the Guidelines.   Rather, the defendant should receive a substantially lesser sentence.  Defendant respectfully requests that this honorable Court impose a sentence ranging from probation with conditions to confinement in a half-way house and/or home confinement.

The Supreme Court in Kimbrough v. United States, 128 S. Ct. 558 (2007), and Gall v. United States, 128 S. Ct. 586 (2007), established that the Sentencing Guidelines are simply an advisory tool to be considered alongside other statutory considerations spelled out in 18 U.S.C. § 3553(a). In two recent summary reversals, moreover, the Court expressed in no uncertain terms that the Guidelines cannot be used as a substitute for a sentencing court's independent determination of a just  sentence based upon consideration of the statutory sentencing factors.

Nelson v. United States, _ S. Ct. _, 2009 WL 160585 (Jan. 26, 2009); Spears v. United States, _ S. Ct. _, 2009 WL 129044 (Jan. 21, 2009).

"Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable," the Court held in Nelson. 2009 WL 160585, at *1 . "The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable." Id. at *2 (emphasis in original). In other words, sentencing courts commit legal error by using a Sentencing Guidelines range as a default to be imposed unless a basis exists to impose a sentence outside that range.

Instead, the overriding principle and basic mandate of § 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in § 3553(a)(2): retribution (to reflect the seriousness of the offense, to promote respect for the law, and to provide "just punishment"), deterrence, incapacitation ("to

protect the public from further crimes"), and rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"). The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision." This requirement is not just another factor to be considered along with the others set forth in § 3553(a) -it sets an independent limit upon the sentence. As analyze below a sentence less than that imposed by the guidelines would be sufficient to accomplish such.

B.  CONFINEMENT FOR NO MORE THAN SIX MONTHS AND OR PROBATION/HOME CONFINEMENT WOULD BE SUFFICIENT, BUT NOT GREATER THAN NECESSARY, TO COMPLY WITH THE REQUIREMENTS OF 18 U.S.C. § 3553(A).

I.        The History and Characteristics of Steven Bazemore and The Nature of the Offense.

The first set of factors in §3553(a)(1) — the nature and circumstances of the offense and the history and characteristics of the defendant – favors the 33-year old Defendant. The Defendant, as indicated in the stipulated statement of facts and the Presentence Report ("PSR") has accepted responsibility for his actions and readily admitted his guilt, and by no means seeks to demise the crime committed. However, prior to this wrongful conduct, Defendant had led a law-abiding life and achieved his earnings by maintain gainful employment.  As indicated, he has no prior criminal history and appears to have nothing more than a traffic infraction. He does not present characteristics which indicate that he is a repeat wrongdoer or one unwilling to abide by the law. At time of pleading guilty, the Defendant was terminated from his employment and thus could not make any commitment to enter into an agreement or plan to pay restitution over a period of time.  Since that date, the Defendant has re-gained employment and has expressed a desire to pay restitution to the government on behalf of the victims who suffered, no matter how long he must make payments. A lengthy prison sentence would prohibit the Defendant from making efforts of

restitution.

Moreover, Defendant has been and remains a pillar of emotional and financial support for his two small children and his wife, and his family continues to need his emotional and financial support. As evident from the PSR, the combined finances of the Defendant and his wife are necessary to adequately take care of their home and two small children. Without the combined income, it is likely the family will be unable to remain in their residence. Financially, if Defendant is sentenced to a prolonged absence with an inability to work, there will be a profound negative impact on the family.

The second set of factors in § 3553(a)(2)(A)-(D) addresses several traditional sentencing considerations. In this case, there is certainly no indication of a need to protect the public from further criminal conduct by Defendant. He has been abiding by all laws since confronted by law enforcement about the subject wrongful conduct. There is no indication of a need to provide the Defendant correctional treatment, but if the Court disagrees then the period of incarceration should be less than the 24-30 months imposed by the guidelines. Considering that this is a non-violent case where the Defendant has demonstrated extraordinary acceptance of responsibility, aberrant behavior, and fully admitted his guilt, a variance sentence ranging from probation with conditions to time in a half-way house and/or home confinement is adequate to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. Again the Defendant by no means is deflecting or minimizing his conduct.

The third factor in § 3553(a)(3) – – the kinds of sentences available – encourages the Court to consider sentencing options, such as probation, in addition to imprisonment. Here, Defendant is requesting probation or confinement in a half-way house and/or home confinement. Such a variant sentence is certainly "reasonable".

The fourth and fifth factors in § 3553(a)(4)-(5) require the Court to consider the Guidelines and Policy Statements applicable to the case. Although the factors may not warrant for a downward departure from the guidelines in regards to computation, a variance based upon the same factors as set forth herein, would still be warranted and reasonable in seeking probation or confinement in a half-way house and/or home confinement.

The six factor 3553(a)(6) which focuses on the need to avoid a sentencing disparity among similarly situated defendants is not being presented herein.

The seventh factor in § 3553(a)(7) focuses on restitution, which is adequately addressed above.

Thus, an analysis of the Section 3553 factors as set forth above, including, but not limited to, aberrant behavior, extraordinary acceptance of responsibility, the non-violent nature of the unlawful conduct, the Defendant's family ties, and long-time law-abiding history, the lack of a need to rehabilitate the Defendant or protect the public by a long imprisonment (if any), the Defendant's good employment history and the impact the sentence will have on his family, the Defendant's desire to commit to restitution, the need of the Defendant to be able to work in order to pay restitution, a variance from the Guidelines recommendation is warranted.

C.  **CONCLUSION**

Based on the foregoing authorities, arguments and evidence to be presented at sentencing, the Defendant respectfully requests that the Court impose a sentence ranging from probation with appropriate conditions to confinement in a half-way house and/or home confinement. In any event, the Defendant respectfully requests that he be allowed to work while serving his punishment.

Respectfully submitted,
Steven Bazemore

By: _____/s/_____
Carteia V. Basnight, Esquire
Law Office of Carteia V. Basnight
Virginia Bar No. 79856
Counsel for Mr. Bazemore
1919 Commerce Drive Suite 110
Hampton, Virginia 23666
(757) 838-0001 (tel.)
(757) 548-5871 (fax)
Carteia@basnightlaw.com

## CERTIFICATE OF SERVICE

I certify that on this 15th day of September, 2016, I mailed a copy of the foregoing to

Anita Goffner Powell  U.S. Probation Officer Newport News Division and electronically filed

the foregoing with the Clerk of Court using the CM/ECF system, which will send a

notification (NEF) to:

John W. Burke
Trial Attorney
United States Department of Justice
Consumer Protection Branch
450 Fifth Street NW, Suite 6400 South
Washington, DC 20001
(202) 353-2001 (Tel)
Email: joshburke@usdoj.gov

Assistant U.S. Attorney
Alan Mark Salsbury
World Trade Center
101 West Main Street
Suite 8000
Norfolk, VA 23510
(757) 441-6331
Email: Alan.Salsbury@usdoj.gov

_____/s/_____
Carteia V. Basnight, Esquire
Law Office of Carteia V. Basnight
Virginia Bar No. 79856
Counsel for Mr. Bazemore
1919 Commerce Drive Suite 110

Hampton, Virginia 23666
(757) 838-0001 (tel.)
(757) 548-5871 (fax)
Carteia@basnightlaw.com