AO 245B (Rev. 12/03)(VAED rev. 2) Sheet 1 - Judgment in a Criminal Case



FILED

SEP 2 2 2016

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

# UNITED STATES DISTRICT COURT
## Eastern District of Virginia
Norfolk Division

UNITED STATES OF AMERICA

v.

STEVEN BAZEMORE

Defendant.

Case Number:   2:16CR00065-001

USM Number:   90040-083

Defendant's Attorney:   Carteia Basnight

# JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Count 1 of the Criminal Information.

Accordingly, the defendant is adjudged guilty of the following count involving the indicated offense.

| Title and Section | Nature of Offense | Offense Class | Offense Ended | Count |
|---|---|---|---|---|
| T.18, USC, Section 371 | Conspiracy to Commit Securities Fraud | Felony | September 2013 | 1 |

As pronounced on September 22, 2016, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

Given this 22nd day of September, 2016.

/s/
Rebecca Beach Smith   Chief Judge

Rebecca Beach Smith
Chief Judge

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3 – Probation

Page 2 of 5

Case Number:        2:16CR00065-001
Defendant's Name:   BAZEMORE, STEVEN

# PROBATION

The defendant is hereby placed on probation for a term of FIVE (5) YEARS. This term shall include a special condition of TWELVE (12) CONSECUTIVE MONTHS on Home Detention. The defendant may be considered for early termination of probation after successfully completing a minimum of three (3) years, upon the recommendation of the probation officer.

The Probation Office shall provide the defendant with a copy of the standard conditions and any special conditions of probation.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of this Judgment and periodic drug tests thereafter.

The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or restitution obligation, it is a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court set forth below:

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance or any paraphernalia related to such substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer for a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 3A – Probation

| | |
|---|---|
| Case Number: | 2:16CR00065-001 |
| Defendant's Name: | BAZEMORE, STEVEN |

# SPECIAL CONDITIONS OF SUPERVISION

While on probation pursuant to this Judgment, the defendant shall also comply with the following additional special conditions:

1) The defendant shall be on Home Detention, which shall include electronic monitoring at the defendant's expense, for a period of **TWELVE (12) CONSECUTIVE MONTHS**. During this time, he shall remain at his place of residence except for the activities described in this paragraph. The defendant shall provide his employment hours or school schedule to the probation officer in advance, and shall obtain approval from the probation officer to be at work or school during those hours. The defendant may attend two (2) religious services a week with prior approval of his probation officer. Additionally, the defendant must notify the probation officer of, and receive prior approval for, all scheduled medical appointments. Should the defendant or a member of his immediate family require emergency medical care, he shall notify the probation officer within twenty-four (24) hours of receiving such care or assisting another in such care, and shall provide the medical paperwork indicating the nature of the emergency and where treatment was received.

2) While on home detention, the defendant shall maintain a telephone at his place of residence without party lines, telephone answering machines, a modem, call forwarding, caller ID, call waiting, portable cordless telephones or any other devices or services that may interfere with the proper functioning of the electronic monitoring equipment for the above period. The defendant shall wear an electronic monitoring device, follow electronic monitoring procedures, and pay the cost of electronic monitoring, all as directed by the probation officer.

3) The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer.

4) The defendant shall provide the probation officer access to any requested financial information.

5) The defendant shall apply monies received from income tax refunds, lottery winnings, inheritances, judgments, and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation, or in a lesser amount to be determined by the Court, upon the recommendation of the probation officer.

6) The court does not deny federal benefits because the denial is not applicable.

7) During the period of probation, the defendant shall provide a copy of his state and federal income tax returns each year to the probation officer.

8) The defendant shall participate in the Treasury Offset Program (TOP) as directed by the probation officer.

9) The defendant shall undergo a mental health evaluation and shall receive all mental health treatment and counseling deemed appropriate, with particular attention given to any potential for anxiety and a fraud mentality. The defendant shall bear partial costs of this program.

10) The defendant shall waive all rights of confidentiality regarding mental health treatment in order to allow the release of information to the United States Probation Office and authorize communication between the probation officer and the treatment provider.

11) The court recommends that the defendant further his education.

AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

| Case Number: | 2:16CR00065-001 |
|---|---|
| Defendant's Name: | **BAZEMORE, STEVEN** |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Count | Assessment | Fine | Restitution |
|---|---|---|---|---|
| | 1 | $100.00 | $0.00 | $219,552.82 |
| **TOTALS:** | | **$100.00** | **$0.00** | **$219,552.82** |

## FINES

No fines have been imposed in this case.

## COSTS

The Court waives the cost of prosecution.

## RESTITUTION

See attached Restitution Judgment filed on September 22, 2016.



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

UNITED STATES OF AMERICA    )
                           )
      v.                  )      Criminal No. 2:16CR065
                           )
STEVEN BAZEMORE,        )
                           )
     *Defendant.*       )
                           )

## RESTITUTION ORDER

1.    Pursuant to 18 U.S.C § 3663A(a)(1), the defendant is ordered to pay restitution in the amount of **$219,552.82.** *to be joint and several with any other convicted co-conspirators* 

2.    The amount of restitution paid to any victim, collectively, shall not exceed the victim's total loss from the offenses of conviction.

3.    The victims' names, addresses, and the victims' respective total loss amounts are listed in Attachment A to this Restitution Order.

4.    Interest:

          ✓ is waived.

          _____ accrues as provided in 18 U.S.C § 3612(f).

5.    Notwithstanding any other provision of this Restitution Order or the sentence imposed, including the directive to make periodic payments, restitution is due in full and payable immediately from assets known and unknown and including assets identified in the Presentence Report.  The Government may enforce restitution at any time.

6.    If incarcerated, the Court encourages the defendant to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, to comply with the provisions of the financial plan, and to meet the defendant's financial obligation, pursuant to 28 C.F.R. § 545.10-11.

7.    If restitution is not paid in full immediately, the defendant shall pay to the Clerk at least $ 200.00 per month or 25 percent of net income, whichever is greater, beginning 60



days after release from any period of confinement, or 60 days after sentencing if no confinement is imposed.

8. All payments shall be made to the Clerk of Court, United States District Court, 600 Granby Street, Norfolk, Virginia 23510-1811.

9. Within 30 days of (a) any change of name, residence, or mailing address; and/or (b) any material change in economic circumstances that affects the ability to pay restitution, the defendant shall notify the Clerk of Court and the United States Attorney's Office, Financial Litigation Unit, 8000 World Trade Center, Norfolk, Virginia 23510.

10. No delinquent or default penalties will be imposed except upon Order of the Court.

11. The Clerk of Court shall distribute the funds to the victims on a pro rata basis. The Clerk may withhold distribution of any restitution amounts until the sum available for restitution to each victim is at least $25.00.

/s/
Rebecca Beach Smith
Chief Judge
Honorable Rebecca Beach Smith
Chief United States District Judge

ENTERED this 22nd day of Sept, 2016.

at Norfolk, Virginia

WE ASK FOR THIS:

Dana J. Boente
United States Attorney

Alan M. Salsbury
John W. Burke, IV
Assistant United States Attorneys
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Telephone - 757-441-6331
E-Mail – alan.salsbury@usdoj.gov
E-Mail – josh.burke@usdoj.gov

SEEN AND AGREED:

Steven Bazemore
Defendant

Carteia V. Basnight
Counsel for Defendant
1919 Commerce Drive, Suite 480
Hampton, Virginia 23666
Telephone - 757-838-0001
E-Mail – carteia.basnight@gmail.com

2



REDACTED ATTACHMENT 2 TO RESTITUTION ORDER
United States v. Steven Bazemore - Criminal No. 2:16CR065

| | VICTIM: | LOSS AMOUNT: |
|---|---|---|
| 1 | SH | $2,687.00 |
| 2 | DC | $9,097.35 |
| 3 | SH | $2,687.00 |
| 4 | AW | $2,687.00 |
| 5 | JD | $2,687.00 |
| 6 | LH | $2,687.00 |
| 7 | EG | $5,400.00 |
| 8 | JB | $2,687.00 |
| 9 | JF | $2,687.00 |
| 10 | SC | $3,000.00 |
| 11 | VT | $2,687.00 |
| 12 | GM | $2,687.00 |
| 13 | DE | $3,200.00 |
| 14 | ETDC | $2,687.00 |
| 15 | GL | $2,687.00 |
| 16 | LJ | $2,687.00 |
| 17 | STATE FARM | $2,687.00 |
| 18 | SG | $2,687.00 |
| 19 | JK | $3,580.00 |
| 20 | AK | $2,687.00 |
| 21 | YC | $2,687.00 |
| 22 | LM | $2,687.00 |
| 23 | TS | $4,575.00 |
| 24 | RE | $2,687.00 |
| 25 | TT | $2,687.00 |
| 26 | CW | $2,687.00 |
| 27 | EM | $2,687.00 |
| 28 | TG | $400.00 |
| 29 | KM | $2,687.00 |
| 30 | LB | $2,687.00 |
| 31 | FG | $1,000.00 |
| 32 | DK | $2,687.00 |
| 33 | MY | $2,687.00 |
| 34 | SP | $2,687.00 |
| 35 | RS | $2,687.00 |
| 36 | PC | $2,687.00 |
| 37 | KDAW | $2,687.00 |
| 38 | TAR | $2,687.00 |
| 39 | DM | $2,687.00 |
| 40 | STATE FARM FIRE AND CASUALTY | $2,687.00 |
| 41 | SC | $2,687.00 |
| 42 | KB | $2,687.00 |
| 43 | CB | $2,687.00 |
| 44 | JJ | $2,950.00 |
| 45 | KR | $2,687.00 |
| 46 | D&I H | $2,687.00 |
| 47 | RA | $2,687.00 |

| 48 | VG | $2,687.00 |
|----|----|-----------|
| 49 | PS | $2,687.00 |
| 50 | TSA | $2,687.00 |
| 51 | TC | $2,687.00 |
| 52 | CR | $2,687.00 |
| 53 | NI | $2,687.00 |
| 54 | PM | $2,687.00 |
| 55 | CC | $2,687.00 |
| 56 | RS | $2,687.00 |
| 57 | RE | $2,687.00 |
| 58 | MP | $2,687.00 |
| 59 | JD | $2,687.00 |
| 60 | AD | $4,996.47 |
| 61 | LG | $2,687.00 |
| 62 | RJ | $2,687.00 |
| 63 | TB | $2,687.00 |
| 64 | JC | $4,751.00 |
| 65 | WR | $2,687.00 |
| 66 | DR | $6,087.00 |
| 67 | RA | $1,500.00 |
| 68 | STATE FARM | $2,687.00 |
| 69 | JS | $5,109.00 |
| 70 | FS | $2,687.00 |
| 71 | EB | $2,687.00 |
| 72 | GC | $2,687.00 |
| 73 | SE | $2,687.00 |
| 74 | DR | $2,687.00 |
| 75 | JJ | $2,687.00 |

**TOTAL LOSS:**                    **$219,552.82**



AO 245B (Rev. 12/03)(VAED rev. 2) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments

| Case Number: | 2:16CR00065-001 |
|---|---|
| Defendant's Name: | BAZEMORE, STEVEN |

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

The special assessment and restitution shall be due in full immediately.

The defendant shall pay to the Clerk at least $200.00 per month or 25% of net income, whichever is greater, beginning sixty (60) days from the inception of probation toward any restitution remaining unpaid.  The court reserves the option to alter this amount, depending upon defendant's financial circumstances at the time of probation and depending upon how much restitution has been paid.

Interest on the restitution is waived.

The defendant is jointly and severally liable for restitution with any other convicted co-conspirators.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment (2) restitution principal (3) restitution interest (4) fine principal (5) fine interest (6) community restitution (7) penalties and (8) costs, including cost of prosecution and court costs.

Nothing in the court's order shall prohibit the collection of any judgment, fine, or special assessment by the United States.